UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SANKONA GRAHAM, <br><br> Plaintiff, <br> v. <br><br> JAMES DZURENDA, et al., <br><br> Defendants. | Case No. 2:25-cv-00270-GMN-BNW <br><br> **ORDER DISMISSING AND CLOSING CASE** |

Nevada prisoner Sankona Graham initiated this lawsuit by filing only a motion for the appointment of counsel on a form intended for habeas proceedings. (ECF No. 1-1). The Court sent Graham an advisory letter instructing, among other things, that the action would be screened under 28 U.S.C. § 1915A, but screening would not commence until Graham filed a complaint and either filed a complete application to proceed *in forma pauperis* or paid the full filing fee for a civil action. (ECF No. 2 at 1, 3). Next, the magistrate judge issued an order instructing that if Graham wished to proceed with this lawsuit, he needed "to accomplish two tasks" by March 24, 2025: (1) file a signed complaint and (2) address the matter of the filing fee. (ECF No. 3). The magistrate judge alternatively gave Graham the option to voluntarily dismiss this lawsuit if it was filed an error and he intended to file the motion in one of his existing lawsuits.[1] (*Id.*) Instructions accompanying the forms the Court sent Graham reiterated that he needed to address the matter of the filing fee to proceed with this lawsuit. (ECF Nos. 3-1 at 1, 3-2 at 1).

Graham timely filed a signed complaint, but he did not address the matter of the filing fee. (ECF No. 4). Instead, Graham asked the Court to either stay this action or dismiss it, arguing that some claims in this lawsuit duplicate claims in his earlier civil-rights actions. (ECF No. 5). The

---

[1] As of the date of the Court's first order, Graham had two civil-rights lawsuits pending in this district: *Graham v. State of Nev.*, Case No. 2:24-cv-00790-ART-DJA (D. Nev. filed Apr. 24, 2024); *Graham v. Dreesen*, Case No. 3:24-cv-00297-MMD-CSD (D. Nev. filed July 9, 2024). Graham also had a habeas petition pending in this district when he initiated this action: *Graham v. Dzurenda*, 2:25-cv-00229-JAD-DJA (D. Nev. filed Feb. 3, 2025).

1

1  Court denied the motion but, considering alternatives to dismissal, gave Graham until October 6,
2  2025, to address the matter of the filing fee. (ECF No. 6).  Instructions accompanying the forms
3  the Court sent Graham warned him for the fifth time that he needed to address the matter of the
4  filing fee to proceed with this action. (ECF No. 6-1).

5        Graham still did not comply.  Instead, Graham filed a motion asking the Court to defer
6  deciding whether he qualifies for *in forma pauperis* status and to schedule this action "for early
7  mediation conference, as is the norm for all other NDOC lawsuits." (ECF No. 7).  He insists that
8  "Nevada's early mediation program was established to assist with assisting the parties in reaching
9  a solution prior to courts intervention." (*Id.*)  But as Graham is well aware from the copious
10 instructions and orders entered in this lawsuit and his other civil-rights actions, the Court does not
11 defer a prisoner's obligation to either pay the filing fee or apply for *in forma pauperis* status.
12 Rather, like what happened in another of Graham's civil-rights actions, if colorable claims survive
13 screening, the Court has determined to send the action to its Inmate Early Mediation Program, and
14 the prisoner has applied for *in forma pauperis* status, then the Court will defer ruling on the
15 application pending mediation. *See Graham v. State of Nev.*, Case No. 2:24-cv-00790-ART-DJA,
16 at ECF No. 25.  It is against this backdrop that the Court now determines whether to dismiss this
17 action or enter a third order setting another deadline for Graham to address the filing fee.

18 **I.    DISCUSSION**

19       District courts have the inherent power to control their dockets and "[i]n the exercise of
20 that power[,] they may impose sanctions including, where appropriate . . . dismissal" of a case.
21 *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may
22 dismiss an action based on a party's failure to obey a court order or comply with local rules. *See*
23 *Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (affirming dismissal for failure to comply
24 with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal*
25 *Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order).  In

determining whether to dismiss an action on one of these grounds, the Court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal of Graham's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this Court cannot operate without collecting reasonable fees, and litigation cannot progress without Graham's compliance with the Court's orders, the only alternative is to enter a third order setting another deadline. But repeating an ignored order often only delays the inevitable and further squanders the Court's finite resources along the way. The circumstances here do not indicate that this case will be an exception because Graham has demonstrated that he is not willing or able to comply with the Court's orders directing him to either pay the filing fee or apply for *in forma*

*pauperis* status.  Setting another deadline is not a meaningful alternative given these circumstances.  So, the fifth factor favors dismissal.  Having thoroughly considered these dismissal factors, the Court finds that they weigh in favor of dismissal.

## II.    CONCLUSION

**IT IS HEREBY ORDERED** that this action is dismissed without prejudice based on the plaintiff's failure to address the matter of the filing fee in compliance with the Court's February 21 and September 4, 2025, orders.  The Clerk of Court is kindly directed to enter judgment accordingly and close this case.  If Sankona Graham wishes to pursue his claims, he must file a complaint in a new case and either pay the full filing fee or file a complete application to proceed *in forma pauperis* in that action.

**DATED** this   9   day of   December  , 2025.

_____
Gloria M. Navarro, District Judge
United States District Court

4