UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SANKONA GRAHAM,<br><br>               Plaintiff,<br>v.<br><br>JAMES DZURENDA, et al.,<br><br>               Defendants. | Case No. 2:25-cv-00270-GMN-BNW<br><br>**ORDER DENYING MOTION TO RECONSIDER CASE DISMISSAL** |

On December 9, 2025, the Court dismissed and closed this action because Nevada prisoner Sankona Graham failed to either pay the $405 filing fee or apply to proceed *in forma pauperis* in compliance with the Court's February 21 and September 4, 2025, orders. (ECF No. 8). The Clerk of Court entered judgment accordingly. (ECF No. 9). Seven days later, Graham filed a document titled "Motion to Reconsider/Appeal Dismissal," arguing this Court was wrong when it stated that Graham must address the matter of the filing fee before the Court could screen his Complaint and possibly refer this action to the Court's Inmate Early Mediation Program. (ECF No. 10). Graham's filing was also docketed as a Notice of Appeal and transmitted to the Ninth Circuit. (ECF No. 11). The Ninth Circuit has not yet docketed the appeal. For the reasons discussed below, the Court denies Graham's reconsideration motion.

I.      DISCUSSION

**A. This Court has jurisdiction to deny Graham's reconsideration motion.**

"The filing of an effective notice of appeal is a jurisdictional requirement [that] cannot be waived." *Miller v. Marriott Int'l, Inc.*, 300 F.3d 1061, 1063 (9th Cir. 2002). Rule 4(a)(4)(A) of the Federal Rules of Appellate Procedure ("FRAP") provides that the timely filing of a motion under Rules 50(b), 52(b), 54, 59, or 60 of the Federal Rules of Civil Procedure ("FRCP") tolls the time to file an appeal for all parties until the district court enters an order disposing of the last such motion. Tolling applies regardless of whether a notice of appeal is filed before or after the tolling

motion. *See Tripati v. Henman*, 845 F.2d 205, 205–06 (9th Cir. 1988) (holding that a timely FRCP 59(e) motion that was filed after a notice of appeal rendered the notice of appeal "not merely defective; it was a nullity[,]" so the district court "erred in denying the motion solely on the ground that it lacked jurisdiction"). The Ninth Circuit has explained that FRAP 4's tolling mechanism means that, "with respect to [FRCP] 60(b) motions filed no later than [28] days after judgment was entered," "[t]he district court retains jurisdiction to decide such motions." *Miller*, 300 F.3d at 1065 (decided before the deadline to file a tolling FRCP 60 motion was extended to 28 days); *see* Fed. R. App. 4(a)(4)(A)(vi) advisory committee note to 2023 amendments. As FRAP (a)(4)(B)(i) instructs, "[i]f a party files a notice of appeal after the court announces or enters a judgment—but before it disposes of any motion listed in Rule 4(a)(4)(A)—the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered." Accordingly, Graham's reconsideration motion is timely, and this Court retains jurisdiction to deny it.[1]

**B. Graham has not demonstrated that relief under FRCP 60(b)(1) is merited.**

"Rule 60(b)(1) of Civil Procedure provides that a court may relieve a party or a party's legal representative from a final judgment on the basis of mistake, inadvertence, surprise, or excusable neglect." *Bateman v. U.S. Postal Service*, 231 F.3d 1220, 1223 (9th Cir. 2000). The Supreme Court has held that a judge's legal errors qualify as "mistakes" under FRCP 60(b)(1). *Kemp v. United States*, 596 U.S. 528, 533–34 (2022).

Graham moves to set aside the dismissal order and judgment, arguing that this Court mistakenly determined that it would not send this action to its mediation program without first requiring that Graham either pay the filing fee or apply for *in forma pauperis* status. Graham did

---

[1] FRCP 62.1 provides that "[i]f a timely motion is made for relief that the court lacks jurisdiction to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue."

not correct the defect that caused his case to be dismissed; he neither paid the filing fee nor applied to proceed *in forma pauperis*. Rather, attached to his motion are prison grievance documents and the transcript of an educational video that the Court created in 2017 for inmates to better understand its Inmate Early Mediation Program. (ECF No. 10 at 2–18). These documents do not undermine the Court's decision to dismiss this action based on Graham's repeated refusal to address the matter of the filing fee.

The grievance documents are not relevant to Graham's instant motion. The video transcript also is irrelevant because it does not supplant this Court's orders that Graham must address the matter of the filing fee to proceed with this action. But even if it did, Graham misreads the transcript as supporting his position. Graham underlined and starred a sentence in the transcript's introduction stating, "Let's begin with some basic information about how the inmates Section 1983 case proceeds once the complaint is sent to the court and then we will turn to the early mediation process." (*Id.* at 3). Graham appears to contend this sentence means the mediation process may begin once an inmate sends his complaint to the Court. (*See* ECF No. 10 at 1 (arguing the transcript shows that courts "insist on Early Mediation program in an attempt to resolve issues prior to the court's interference")). But as former Judge Cooke explains later in the transcript—and as this Court has repeatedly explained to Graham—an inmate must either pay the filing fee or file an *in forma pauperis* application before screening and the Court, in its discretion, might order mediation. (ECF No. 10 at 4 (explaining that "[m]ost inmates can't afford to pay the filing fee required to begin a case in federal court[,] so they routinely file an IFP application" and "our court postpones consideration of the IFP application for 90 days to allow the inmates case to go to early mediation")).

Graham's case law fares no better than his exhibits. He cites *Ross v. Blake*, 578 U.S. 632 (2016), and *Nunez v. Duncan*, 591 F.3d 1217 (9th Cir. 2010), as supporting his argument that the Court mistakenly dismissed this action rather than sending it to mediation as Graham asked. But

neither case concerns mediation, inmate *in forma pauperis* proceedings, filing fees for civil actions, or the intersection of any of these issues. *See Ross*, 578 U.S. at 648 (holding that "courts may not engraft an unwritten 'special circumstances' exception onto the PLRA's exhaustion requirement" (citation modified)); *see also Nunez*, 591 F.3d at 1228–29 (holding inmate's failure to exhaust Fourth Amendment claim was excused, but claim failed on the merits, and affirming summary judgment against inmate on his First Amendment claim on exhaustion grounds).

## II.    CONCLUSION

**IT IS HEREBY ORDERED** that Graham's motion to reconsider the dismissal order and judgment **(ECF No. 10) is DENIED**.

**DATED** this   17   day of   December  , 2025.

_____
Gloria M. Navarro, District Judge
United States District Court